UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Transferring Action

Having reviewed all the briefing filed in connection with the July 27, 2015, Order to Show Cause re: Transfer of Case (Dkt. No. 28), the court concludes as follows:

## LEGAL STANDARD

A district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964), superseded by statute on other grounds (internal quotations and citation omitted). A motion for transfer lies within the broad discretion of the court. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), cert. denied, 531 U.S. 928 (2000). A district court may sua sponte transfer an action under § 1404. See Wash. Pub. Util. Group v. United States Dist. Ct., 843 F.2d 319, 326 (9th Cir.1987); Lugo v. Covello, 2013 WL 5492487,*17 (C.D. Cal. 2013) (adopting Report & Recommendation).

In determining whether transfer is appropriate, the court must consider whether the transferee district is either (a) one in which the action "might have been brought" or (b) one to which all parties have consented. See 28 U.S.C. § 1404(a). An action "might have been brought" in a transferee court where the court would have subject matter jurisdiction, defendants would have been subject to personal jurisdiction, and where venue would have been proper. See Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, 4:714 (The Rutter Group 2015) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 1089-90 (1960)).

If that prerequisite is satisfied, "[u]nder § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498 (internal quotation marks omitted). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." Id. While there is no definitive list of factors, courts typically look to some or all of the following factors to determine whether transfer to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

alternative forum is proper: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion and time of trial in each forum; and (9) the availability of compulsory process. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986); Healey v. Spencer, 2010 WL 669220, *1 (C.D. Cal. 2010) (applying Decker factors); see, e.g., Jones, 211 F.3d at 498-99 ("For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.").

**DISCUSSION**

I.    PRELIMINARY FACTORS.

The court first considers whether this action could "have been brought" in the Southern District of New York. See Hoffman, 363 U.S. at 343-44, 80 S.Ct. at 1089-90.

    A.    Subject Matter Jurisdiction.

The First Amended Complaint, ("FAC," Dkt. No. 47), alleges violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act") and §§ 11, 12, and 15 of the Securities Act of 1933 ("Securities Act"). (See FAC at ¶¶ 137-179). The Southern District of New York clearly has subject matter jurisdiction over these claims. See 28 U.S.C. § 1331 (federal question subject matter jurisdiction); 15 U.S.C. § 78aa(a) ("The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder. . ."); 15 U.S.C. § 77v(a) ("The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts[.]").

    B.    Personal Jurisdiction.

The FAC alleges claims against the following defendants: (1) Virtus Investment Partners, Inc. and its affiliates Virtus Investment Advisers, Virtus Opportunities Trust, and Euclid Advisors LLC ("Virtus entity defendants"); (2) F-Squared Investments, Inc. and its affiliates F-Squared Alternative Advisors, LLC, F-Squared Institutional Advisers, LLC, and F-Squared Investment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | **October 19, 2015** |
|---|---|---|---|
| Title | **Youngers v. Virtus Investment Partners, et al.** | | |

Management, LLC ("F-Squared entity defendants");[1] and (3) VP Distributors, LLC. (See FAC at ¶¶ 20-23 & 38). The Virtus entity defendants are incorporated or have offices in New York, Delaware, Connecticut, Massachusetts, and Rhode Island. (See Response to Order to Show Cause ("Resp. to OSC," Dkt. No. 29) at 10; FAC at ¶ 20). The F-Squared entity defendants have offices in Massachusetts. (See id.). VP Distributors, LLC appears to be a Delaware limited liability company with an office in Connecticut. (See http://brokercheck.finra.org/Firm/3036) (last visited on October 12, 2015).

The FAC also alleges claims against 13 individual defendants: (1) George R. Aylward, Michael A. Angerthal, W. Patrick Bradley, Leroy Keith, Jr., Philip R. McLoughlin, Geraldine M. McNamara, James M. Oates, Richard E. Segerson, Ferdinand L. J. Vredonck, Francis G. Waltman, Mark S. Flynn, and Amy Robinson are affiliated with the Virtus entity defendants ("Virtus individual defendants"); and (2) Howard Present, former CEO of F-Squared. (See FAC at ¶¶ 24-37).

Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa confers personal jurisdiction over defendants served within the United States. See 15 U.S.C. § 78aa(a) ("process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found"); 15 U.S.C. § 77v(a) ("process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found"); see Steinberg & Lyman v. Takacs, 690 F. Supp. 263, 265 (S.D.N.Y. 1988). As no party disputes that all defendants are based in the United States, (see, generally, Opposition to Plaintiffs' Response to Order to Show Cause ("Opp'n to Resp. to OSC," Dkt. No. 32)), the Southern District of New York may exercise personal jurisdiction over these defendants.

C.  Venue.

Under § 27 of the Exchange Act, claims for violations of the Exchange Act "may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business[.]" 15 U.S.C. §§ 78aa(a). Similarly, claims for violations of the Securities Act "may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein[.]" 15 U.S.C. § 77v(a); see also 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in" "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]").

The federal securities class action representatives in this case, Mark Youngers, Kimball Lloyd, and Frances Briggs ("lead plaintiffs"), acknowledge that the Virtus entity defendants transact

---

[1] F-Squared and its affiliates filed for bankruptcy and, in light of the automatic stay provided for in 11 U.S.C. § 362, the action has been stayed as to the F-Squared entity defendants. (See Order re Notice of Bankruptcy, Dkt. No. 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

business in offices in Manhattan. (See Resp. to OSC at 10). No party disputes that at least some investors in this nationwide securities class-action reside in the Southern District of New York. (See, generally, Resp. to OSC; Opp'n to Resp. to OSC). Venue, therefore, would be proper in the Southern District of New York.

II.      SECTION 1404(a) DISCRETIONARY FACTORS.

A.      Plaintiffs' Choice of Forum.

Lead plaintiffs contend that their choice of forum in the Central District of California should be afforded considerable weight, particularly because one of the lead plaintiffs, Kimball Lloyd, "is a resident of California," and the Rosen Law Firm, P.A., lead counsel in this action ("lead counsel"), has offices in California. (See Resp. to OSC at 9-10). The court disagrees for multiple reasons.

First, when no plaintiff is a resident of the forum, the choice of forum is accorded less deference. See Sorensen v. Phillips Plastics Corp., 2008 WL 4532556, *4 (N.D. Cal. 2008) (according plaintiff's choice of forum less deference when plaintiff resided in the Southern District of California and action was filed in the Northern District of California). Here, no lead plaintiff claims to reside in the Central District of California. (See, generally, FAC; Motion of the Virtus Group for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Motion for Lead Pl'ff," Dkt. No. 22); Resp. to OSC). Second, a plaintiff's choice of forum should receive little deference when it is brought in a representative capacity, such as in the case of a nationwide federal securities class action. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), cert. denied, 485 U.S. 993 (1988). Third, "[t]he convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)[.]" Smith v. Aetna Life Ins. Co., 2011 WL 3904131,*2 (N.D. Cal. 2011). Also, the court notes lead counsel has offices in New York and nine of its eleven lawyers have New York telephone numbers. (See Declaration of Michael D. Kibler ("Kibler Decl.," Dkt. No. 34) at Exh. A).

Finally, and perhaps more importantly, the filing of the instant action in this district raises forum-shopping concerns on behalf of lead counsel. See Airport Working Grp. of Orange Cnty., Inc. v. U.S. Dep't of Def., 226 F.Supp.2d 227, 230-31 (D.D.C. 2002) (finding that plaintiff's choice of forum in the District of Columbia was due little deference where all plaintiffs were based in the Central District of California and the surplus federal property at issue was located there as well, and noting that forum shopping concerns counsel guarding against allowing plaintiffs to "manufacture venue in the District of Columbia") (internal quotation marks omitted); Forrand v. Fed. Exp. Corp., 2008 WL 276389,*3 (N.D. Cal. 2008) ("because transfer of this case to the Central District of California would serve to discourage the type of forum shopping that Plaintiffs have engaged in, the interest of justice also weighs heavily in favor of transfer"). As defendants have noted, (Opp'n to Resp. to OSC at 1 & 3), on April 21, 2015, lead counsel in this action sought appointment as lead counsel in In re Virtus Inv. Partners, Inc. Secs. Litig., Case No. CV 15-1249 (S.D.N.Y.) ("New York Action"). When two other parties with larger financial stakes filed for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

appointment as lead plaintiff, the Rosen Law Firm's client withdrew its motion, since it was no longer the presumptively most suitable lead plaintiff. (New York Action, Dkt. Nos. 13 & 19). About two weeks later, on May 8, 2015, the Rosen Law Firm, on behalf of Mark Youngers, filed this action in the Central District of California. In short, this factor weighs in favor of transfer.

  B.  Convenience of the Parties.

Lead plaintiffs are residents of Texas, Kansas, and California (although lead plaintiffs do not state whether the California lead plaintiff resides in the Central District of California). (See Resp. to OSC at 10). Defendants claim that "[a]ny inconvenience to any named plaintiff can be largely eliminated by taking their depositions where they reside, even if the action is transferred to New York." (Opp'n to Resp. to OSC at 15).

None of the defendants are located in California. (See Opp'n to Resp. to OSC at 15; FAC at ¶ 14). The Virtus entity defendants have offices in Manhattan and one Virtus individual defendant is a resident of New York. (See Resp. to OSC at 10; Declaration of John S. Worden ("Worden Decl.," Dkt. No. 32-2) at ¶ 3 (Virtus individual defendant Geraldine McNamara is a resident of New York, New York)). Moreover, Virtus and four Virtus individual defendants, George R. Aylward, Michael A. Angerthal, Francis G. Waltman, and Mark S. Flynn, are already defendants in the New York Action. (See Opp'n to Resp. to OSC at 15; Kibler Decl., Exh. B ("New York Action Complaint") at ¶¶ 29-32). Finally, the F-Squared entity defendants have offices in Massachusetts, (see Opp'n to Resp. to OSC at 15), and the Virtus entity defendants have other offices in Connecticut, Massachusetts, and Rhode Island. (See Resp. to OSC at 10).

The defendants are in the Southern District of New York or geographically clustered around that district. Two of the three lead plaintiffs are roughly equidistant from California and New York. Also, although one of the three lead plaintiffs is in California, it is not clear whether that individual even resides in the Central District of California. In short, this factor favors transfer to the Southern District of New York.

  C.  Convenience of the Witnesses.

"[T]he convenience of the witnesses is often the most important factor" in a 1404(a) analysis. Healey, 2010 WL 669220, at *1; see also Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. P. Before Trial § 4:733 (The Rutter Group 2010).

In a federal securities class action, "the key witnesses are frequently officers and employees of the issuer who participated in drafting or distributing allegedly false and misleading statements."[2] In re Connetics Sec. Litig., 2007 WL 1522614,*3 (S.D.N.Y. 2007) (internal quotation

---

[2] The elements of the federal securities causes of action alleged in the FAC underscore the focus on defendants' conduct. "To plead a claim under Section 12(a)(2), the plaintiff must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

marks and brackets omitted). Lead plaintiffs' contention that they are "unaware of any witnesses who are located in New York[,]" (see Resp. to OSC at 10), is disingenuous given their acknowledgment that the Virtus entity defendants have offices in Manhattan, Connecticut, Massachusetts, and Rhode Island and 12 of the 13 individual defendants are affiliated with Virtus. (See id.; FAC at ¶¶ 20-38). The bulk of the witnesses are those that prepared and distributed the purportedly misleading statements in the offices located in Manhattan and the surrounding areas. In short, this factor also favors transfer to the Southern District of New York.

    D.    Ease of Access to the Evidence.

While it is true, as lead plaintiffs contend, "'that advances in technology have made it easy for documents to be transferred to different locations[,]'" (see Resp. to OSC at 10) (quoting Szegedy v. Keystone Food Prods., Inc., 2009 WL 2767683, *6 (C.D. Cal. 2009), as explained above, see supra at § II.D., the bulk of the witnesses (and the documents they created and received) are likely to be located in Manhattan and the surrounding areas. Thus, this factor also favors transfer to the Southern District of New York.

    E.    Familiarity of Each Forum with the Applicable Law.

Both the Central District of California and the Southern District of New York regularly hear federal securities class action suits. Accordingly, this factor is neutral.

---

allege that (1) the defendant is a statutory seller; (2) the sale was effected by means of a prospectus or oral communication; and (3) the prospectus or oral communication contained a material misstatement or omission." Maine State Ret. Sys. v. Countrywide Fin. Corp., 2011 WL 4389689,*8 (C.D. Cal. 2011); see In re Morgan Stanley Info. Fund Sec. Litig., 592 F.3d 347, 359 (2d Cir. 2010) ("sections 11 and 12(a)(2) are . . . 'Securities Act siblings' with roughly parallel elements[.]"). The elements of a 10(b) Exchange Act claim are "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009), as amended (Feb. 10, 2009) (internal quotation marks omitted). Section 20(a) of the Exchange Act and Section 15 of the Securities Act are control person liability claims, which consider whether the defendant controlled the primary violator. In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig., 932 F. Supp. 2d 1095, 1104 (C.D. Cal. 2013) ("Section 15 requires that plaintiffs show that a primary violation of Section 11 and 12(a)(2) occurred, and that the defendant controlled the primary violator."); In re Homestore.com, Inc. Sec. Litig., 2011 WL 1564025, *4 (C.D. Cal. 2011) ("In order to establish a violation of Section 20(a), a plaintiff must show that a primary violation of federal securities law was committed and that the defendant 'directly or indirectly' controlled the violator.") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

F.  Feasibility of Consolidation of Other Claims.

Lead plaintiffs' contention that the facts and claims in this case are separate and distinct from the New York Action, and are thus not amenable to consolidation or coordination (see Resp. to OSC are 5), has no merit. First, lead plaintiffs claim that with one exception, defendants are different in this action and the New York Action. (Resp. to OSC are 5). That is flatly wrong. Virtus Investment Partners, Inc., and Virtus-affiliated individual defendants George R. Aylward, Michael A. Angerthal, Francis G. Waltman, and Mark S. Flynn, all the named defendants in the New York Action, are also defendants in this action. (Compare New York Action Complaint with FAC). That lead plaintiffs have added additional parties to this action, namely the F-Squared entity defendants, its CEO, the underwriter, and Virtus trustees, (see FAC at ¶¶ 20, 22-23, 26-32 & 35-38), does nothing to make this action separate and distinct from the New York Action.

Second, lead plaintiffs claim that F-Squared has admitted to the SEC that its statement regarding back-testing was false, thus eliminating the need for discovery regarding what lead plaintiffs claim is the one-overlapping issue between this action and the New York Action. (See Resp. to OSC at 5). Again, lead plaintiffs are wrong. The predominant question in this action and the New York Action is whether the Virtus entity defendants and the Virtus individual defendants knew that their statements to mutual fund or stock investors regarding back-testing were false or misleading under the federal securities laws. (See, generally FAC; New York Action Compliant).

"Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) on reconsideration in part sub nom. In re IMAX Sec. Litig., 2009 WL 1905033 (S.D.N.Y. 2009). Here, there are virtually no differences in the causes of action because, as defendants note, the original Complaint in this action is copied and pasted nearly verbatim from the New York Action Complaint. (Compare Complaint, Dkt. No. 1, at ¶¶ 29-37, 39-43, 67-74 & 77-80 with New York Action Complaint at ¶¶ 34-37, 39-42, 61, 63-65, 115, 132, 144-151 & 153-155).

This factor also weighs in favor of transfer to the Southern District of New York.

G.  Any Local Interest in the Controversy.

In the FAC, lead plaintiffs have added a state law claim for breach of fiduciary duty. (See FAC at ¶¶ 180-193). This, however, does not change the result. As the FAC makes clear, no defendant is a citizen of California. (See id. at ¶ 14). Under the internal affairs doctrine, "the local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders[,]" which generally will be imposed "upon directors . . . for such matters as the fraudulent or negligent mismanagement of the corporation's affairs . . . and unlawfully profiting at the corporation's expense." In re Textainer P'ship Sec. Litig., 2005 WL 1791559,*5 (N.D. Cal. 2005) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3496 FMO (JEMx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | Youngers v. Virtus Investment Partners, et al. | | |

Restatement (Second) of Conflict of Laws § 309 & comment (a) (1971)).  Claims involving breach of fiduciary duty are routinely considered "internal affairs."  Id.  Accordingly, California substantive law does not apply to lead plaintiffs' state law claim.

As lead plaintiffs acknowledge, this action primarily alleges federal securities law violations, "the enforcement of which are a national interest."  (Resp. to OSC at 11).  The parties and the court reasonably assume that New York and California investors invested in the securities at issue in this case.  Accordingly, this factor is neutral.

        H.      Relative Congestion and Time of Trial in Each Forum.

"[D]ocket considerations alone cannot be the primary reason for retaining a case[,] [as] [t]he interests of justice are not served by such blatant forum shopping."  Siddiqi v. Gerber Prods. Co., 2012 WL 11922412,*4 (C.D. Cal. 2012) (internal quotation marks omitted).  As the court noted above, see supra at § II.F., transferring this action to the Southern District of New York will promote efficiency given the overlap of the claims in this action with the New York Action.  Thus, this factor favors transfer to the Southern District of New York.

        I.      Availability of Compulsory Process.

As the court noted above, see supra at § II.C.-D., most of the evidence and witnesses relevant to this case are in Manhattan and the surrounding areas.  It will be much easier to serve process on all witnesses, particularly unwilling witnesses.  Thus, this factor also favors transfer to the Southern District of New York.

        J.      Conclusion.

In sum, seven factors favor transfer to the Southern District of New York, two are neutral, and none favor retaining the case in the Central District of California.  Given that the overwhelming majority of factors favor transfer – and one of those factors raises forum-shopping concerns – it is clear to the court that transfer to the Southern District of New York is proper in this case.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT the Clerk shall transfer this case forthwith to the United States District Court for the Southern District of New York.

        00 : 00

Initials of Preparer    vdr